No. _____

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| REGINALD PITTMAN<br>By and through his Guardian and Next Friend,<br>ROBIN M. HAMILTON, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 08-890-DRH |
| COUNTY OF MADISON,<br>STATE OF ILLINOIS,<br>CAPTAIN JOSEPH GULASH,<br>and | ) ) ) ) ) | **PLAINTIFF DEMANDS<br>TRIAL BY JURY AS TO ALL<br>COUNTS** |
| SHERIFF ROBERT HERTZ, | ) ) ) | |
| Defendants. | ) ) ) ) | **CLERK TO ISSUE SUMMONS<br>AS REQUIRED BY LAW** |
| | ) ) ) | |

## C O M P L A I N T

Comes now the Plaintiff, REGINALD PITTMAN, by and through his Guardian and Appointed Next Friend, ROBIN M. HAMILTON, and states the following for his Complaint:

### INTRODUCTORY ALLEGATIONS

1.      That federal jurisdiction in this case is founded upon the provisions of Title 28 U.S.C. §1331 (Federal Question Jurisdiction), in that certain counts of this Complaint are founded on the provisions of Title 42 U.S.C.A. §1983.

2.      That your Plaintiff, REGINALD PITTMAN, since the day of the alleged occurrence has been a legally disabled adult and ROBIN M. HAMILTON has been appointed by the probate court of Madison County, Illinois as Guardian of the Person and Estate of REGINALD PITTMAN, the Plaintiff herein, and has also been appointed as

No. _____

said probate court as next friend to prosecute lawsuits on his behalf; ROBIN M.

HAMILTON, therefore, is an appropriate person under Rule 17 of the Federal Rules of

Civil Procedure to prosecute this action on behalf of Reginald Pittman.

3.     That, at all times relevant hereto, the Defendant, COUNTY OF

MADISON, STATE OF ILLINOIS, is a County of the State of Illinois, a local

governmental entity, acting herein by its agents, servants and employees.

4.     That, on or about December 18, 2007, your Plaintiff was detained at the

Madison County Jail in Edwardsville, Illinois.

5.     That, the jail at the COUNTY OF MADISON, STATE OF ILLINOIS, did

have in full force and effect at the aforesaid time and place, certain policies and

procedures designed to provide medical and psychiatric services to prevent the inmates

who had been placed on suicide watch from committing suicide.

6.     On information and belief, at the aforesaid time and place, the Plaintiff

was determined by the Defendant to be in need of protection and was, in accordance with

the aforesaid policies and procedures, to be placed on suicide watch.

7.     That, in addition thereto, the Defendant, COUNTY OF MADISON,

STATE OF ILLINOIS, had the duty to provide medical services and to follow procedures

for the prevention of suicide risk for those that it had reason to know or knew were at risk

for committing suicide and had the duty to refrain from willful and wanton acts of

misconduct in the execution of said services and procedures.

8.     At all times relevant hereto, the Defendant, CAPTAIN JOSEPH

GULASH, was the superintendent of the Madison County Jail and, as such, he had the

duty to provide medical services and to follow procedures for the prevention of suicide

risk for those that it had reason to know or knew were at risk for committing suicide and

No. _____

had the duty to refrain from willful and wanton acts of misconduct in the execution of said services and procedures.

9.      That, at all times relevant hereto, the Defendant, SHERIFF ROBERT HERTZ, is a Sheriff in the County of Madison, State of Illinois; by statute 55 ILCS §6017, he was the custodian of the Madison County jail, acting herein by his agents, servants and employees; as such, he had the duty to provide medical services and to follow procedures for the prevention of suicide risk for those that it had reason to know or knew were at risk for committing suicide and had the duty to refrain from willful and wanton acts of misconduct in the execution of said services and procedures.

## COUNT I (Title 42 U.S.C. § 1983 CLAIM)

COMES NOW the Plaintiff, REGINALD PITTMAN, by and through his Guardian and Appointed Next Friend, ROBIN M. HAMILTON, and states the following for Count I of this complaint; hereby filed against the Defendant, COUNTY OF MADISON, STATE OF ILLINOIS:

1.      That, on or about 12/18/2007, while incarcerated at the Madison County jail, the plaintiff was subjected to cruel and unusual punishment in violation of the 8th Amendment to the Constitution of the United States and the due process clause of the 14th Amendment to the Constitution of the United States.

2.      That, in particular, on or about 12/18/2007, and prior thereto, the Defendant, COUNTY OF MADISON, STATE OF ILLINOIS, violated the provisions of Title 42 U.S.C. § 1983, by engaging in a pattern of conduct which violated the above-referenced Civil Rights of its inmates, including one or more of the following:

(a)      With deliberate indifference to its suicide-risk inmate's and the Plaintiff's welfare it regularly failed to provide certain inmates and the

No. _____

Plaintiff, REGINALD PITTMAN, with needed medical attention and, more particularly, failed to provide them with protection when it knew that they represented suicide risks, by failing to train its guards and officers in suicide prevention;

(b)     With deliberate indifference to its suicide-risk inmates and the plaintiff, it regularly verbally harassed them, when it knew that inmates such as the plaintiff were specifically at risk for such harassment as they were suicide risks;

(c)     It regularly acted with deliberate disregard for its suicide-risk inmates' welfare, including plaintiff's welfare, by failing to provide trained guards and officers to monitor them, when it knew that, as suicide risks, they required close monitoring;

(d)     It regularly  acted with deliberate disregard for its suicide-risk inmate's, including the plaintiff's, welfare by regularly failing to remove all materials, blankets, sheets, and other bed clothing that the inmates, including the plaintiff, could use to hang themselves with, when it knew that, as suicide risks,   they should not be provided with such articles;

(e)     Knowing that its suicide-risk inmates, including the plaintiff, were a danger to themselves, it acted with deliberate disregard for their welfare by failing to place them in an appropriate area in the jail which did not contain armatures, bars or other supports that could be used as a support with which to hang or otherwise injure themselves.

No. _____

    (f)      Knowing that Plaintiff and other inmates were a suicide risk, it acted with deliberate disregard for their welfare by failing to obtain a prompt evaluation of their psychiatric condition.

    (g)      Knowing that Plaintiff and others were a suicide risk, it acted with deliberate disregard for the plaintiff's welfare by failing to obtain prompt treatment for the Plaintiff's psychiatric condition, including an administration of appropriate medications.

    (h)      It willfully and wantonly ratified and/or approved conduct involving the physical harassment and violence against prisoners when he knew that the inmates were placed at risk of physical harm thereby.

5.      As a direct and proximate result of the depravation of civil and human rights by the agents and/or employees of the COUNTY OF MADISON, STATE OF ILLINOIS, the plaintiff attempted to hang himself, and/or sustained trauma at the hands of the agents and/or employees of the defendant and as a direct and proximate result of this attempt to hang himself and or trauma received, he suffered ischemic anoxic injury to his brain; he has been rendered severely brain damaged and has suffered impairments in his mobility, his health and his ability to function, including in his ability to think and to speak; his cerebral injury causes him to have palsy; he is permanently and totally disabled from employment and he will never be able to work or function in society; he has sustained medical bills and health care bills and will in the future sustain medical and health care bills in the approximate amount of One Million Dollars; he is required to live under supervised care and he will in the future require adjunct services and special equipment and hoists for wheelchair and  for ambulation and special needs of ambulation, including platforms and special accommodations to vehicles to allow him to be a

No. _____

passenger therein; and he will require accommodations in the home that will allow him mobility; that the aforesaid injuries are totally disabling and are permanent in nature.

WHEREFORE, the Plaintiff, REGINALD PITTMAN, by and through his Guardian and Appointed Next Friend, ROBIN M. HAMILTON, respectfully prays for a judgment in his favor and against the Defendant, COUNTY OF MADISON, STATE OF ILLINOIS, in am amount in excess of Fifty Thousand Dollars ($50,000.00) plus costs of suit and attorney's fees, pursuant to Title 42 U.S.C. § 1988; the Plaintiff demands trial by jury.

**PLAINTIFF DEMANDS TRIAL BY JURY** .

### COUNT II (State Law Claim)

COMES NOW the Plaintiff, REGINALD PITTMAN, by and through his Guardian and Appointed Next Friend, ROBIN M. HAMILTON, and states the following for Count II of this complaint, hereby filed against the Defendant, COUNTY OF MADISON, STATE OF ILLINOIS:

1.      That, the Defendant, acting by and through its agents, servants and employees, on or about December 18, 2007, it its jail in Edwardsville, Illinois, violated the aforesaid duties set out in paragraph 7 of the Introductory Allegations hereinabove in one or more of the following ways:

    a.      Knowing that the Plaintiff was a suicide risk, it willfully and wantonly failed to remove any and all materials, blankets, sheets and other bed clothing, that the Plaintiff could use to hang himself with;

    b.      Knowing that the Plaintiff was a suicide risk, it willfully and wantonly failed to place the Plaintiff in an appropriate area in the jail

No. _____

which did not contain armatures, bars or other supports, which could be used by the Plaintiff to hang himself with;

c.      It willfully and wantonly failed to regularly monitor the Plaintiff when it knew that he was a suicide risk;

d.      It willfully and wantonly failed to monitor the Plaintiff when it knew that he was a suicide risk;

e.      Knowing that Plaintiff was a suicide risk, it acted with deliberate disregard for the Plaintiff's welfare by failing to obtain a prompt evaluation of the Plaintiff's psychiatric condition.

f.      Knowing that Plaintiff was a suicide risk, it acted with deliberate disregard for the Plaintiff's welfare by failing to obtain prompt treatment of the   Plaintiff's psychiatric condition, including the prompt administration of medication.

g.      Through its agents and/or employees the plaintiff to trauma causing severe injury to the head and body, occasioning neurologic injury, brain damage secondary to trauma and/or hypoxia..

2.      That, as a direct and proximate result of the aforesaid, the Plaintiff attempted to hang himself, and as a direct and proximate result of this attempt to hang himself, he suffered ischemic anoxic injury to his brain; he has been rendered severely brain damaged and has suffered impairments in his mobility, his health and his ability to function, including in his ability to think and to speak; his cerebral injury causes him to have palsy; he is permanently and totally disabled from employment and will never be able to work or function in society; he has sustained medical bills and health care bills and will in the future sustain medical and health care bills in the approximate amount of

No. _____

One Million Dollars; he is required to live under supervised care and he will in the future require adjunct services and special equipment and hoists for wheelchair use and for ambulation and other special needs of ambulation and traveling, including platforms and special accommodations to vehicles to allow him to be a passenger therein; and he will require accommodations in the home that will allow him mobility; that the aforesaid injuries are totally disabling and are permanent in nature.

WHEREFORE, the Plaintiff, REGINALD PITTMAN, by and through his Guardian and Appointed Next Friend, ROBIN M. HAMILTON, respectfully prays for a judgment in his favor and against the Defendant, COUNTY OF MADISON, STATE OF ILLINOIS, in am amount in excess of Fifty Thousand Dollars ($50,000.00) plus costs of suit; the Plaintiff demands trial by jury.

**PLAINTIFF DEMANDS TRIAL BY JURY**

### COUNT III (Title 42 U.S.C. §1983)

COMES NOW the Plaintiff, REGINALD PITTMAN, by and through his Guardian and Appointed Next Friend, ROBIN M. HAMILTON, and states the following for Count III of this Complaint, hereby filed against the Defendant, CAPTAIN JOSEPH GULASH :

1.      That, on or about 12/18/2007, and prior thereto, while incarcerated at the Madison County jail, the plaintiff was subjected to cruel and unusual punishment in violation of the 8th Amendment to the Constitution of the United States and the due process clause of the 14th Amendment to the Constitution of the United States

2.      That, in particular, on or about 12/18/2007, and prior thereto, the Defendant, CAPTAIN JOSEPH GULASH, violated the provisions of Title 42 U.S.C. §

No. _____

1983, by engaging in a pattern of conduct which violated the above-referenced Civil

Rights of its inmates, including as alleged in one or more of the following allegations:

    (a)    With deliberate indifference to Madison County jail suicide-risk

inmate's and the plaintiff's welfare, he regularly failed to provide them

with needed medical attention and, more particularly, failed to provide

them with protection when it knew that the were suicide risks, by failing to

train jail guards and officers in suicide prevention;

    (b)    With deliberate indifference to Madison County jail suicide-risk

inmates and the plaintiff, he condoned or allowed them to be regularly

verbally harassed, when he knew that inmates such as the plaintiff were

specifically at risk for such harassment as they were suicide risks;

    (c)    He regularly acted with deliberate disregard for the suicide-risk

inmates' welfare, including plaintiff's welfare, at the Madison County jail,

by failing to provide trained guards and officers to monitor them, when he

knew that , as suicide risks,  the aforesaid inmates, including the Plaintiff,

required close monitoring;

    (d)    He regularly acted with deliberate disregard for Madison County

jail suicide-risk inmate's, including the Plaintiff's, welfare, by regularly

failing to remove all materials, blankets, sheets, and other bed clothing

that the inmates, including the plaintiff, could use to hang themselves

with, when it knew that, as suicide risks, they should not be provided with

such articles;

    (e)    Knowing that the Madison County jail suicide-risk inmates,

including the plaintiff were a danger to themselves, he acted with

No. _____

deliberate disregard for their welfare by regularly failing to place them in an appropriate area in the jail which did not contain armatures, bars or other supports that could be used as a support with which to hang or otherwise injure themselves.

(f)    Knowing that Plaintiff and other inmates were a suicide risk, he acted with deliberate disregard for their welfare by regularly failing to obtain a prompt evaluation of their psychiatric condition.

(g)    Knowing that Plaintiff and others were a suicide risk, he acted with deliberate disregard for the plaintiff's welfare by regularly failing to obtain prompt treatment for jail inmate's and the Plaintiff's psychiatric condition, including an administration of appropriate medications.

(h)    He acted with deliberate indifference to the inmate's and the plaintiff's welfare by ratifying and/or approving conduct involving the physical harassment and violence against prisoners when he knew that the inmates were placed at risk of physical harm thereby.

3.    As a direct and proximate result of the depravation of civil and human rights by the defendant, the plaintiff attempted to hang himself and/or sustained trauma at the hands of the agents and/or employees of the defendant, and as a direct and proximate result of this attempt to hang himself and/or the aforesaid trauma, he suffered ischemic anoxic injury to his brain; he has been rendered severely brain damaged and has suffered impairments in his mobility, his health and his ability to function, including in his ability to think and to speak; his cerebral injury causes him to have palsy; he is permanently and totally disabled from employment and will never be able to work or function in society; he has sustained medical bills and health care bills and will in the future sustain medical

No. _____

and health care bills in the approximate amount of One Million Dollars; he is required to live under supervised care and he will in the future require adjunct services and special equipment and hoists for wheelchair for ambulation and for the special needs of ambulation, including platforms and special accommodations to vehicles to allow him to be a passenger therein, and accommodations in the home that will allow him mobility; that the aforesaid injuries are totally disabling and are permanent in nature.

WHEREFORE, the Plaintiff, REGINALD PITTMAN, by and through his Guardian and Appointed Next Friend, ROBIN M. HAMILTON, respectfully prays for a judgment in his favor and against the Defendant, CAPTAIN JOSEPH GULASH, in am amount in excess of Fifty Thousand Dollars ($50,000.00) plus costs of suit and attorney's fees pursuant to Title 42 U.S.C. § 1988; the Plaintiff demands trial by jury.

**PLAINTIFF DEMANDS TRIAL BY JURY**

<u>**COUNT IV (State Claim)**</u>

COMES NOW the Plaintiff, REGINALD PITTMAN, by and through his Guardian and Appointed Next Friend, ROBIN M. HAMILTON, and states the following for Count IV of this Complaint, hereby filed against the Defendant, CAPTAIN JOSEPH GULASH:

1.      That, the Defendant, acting by and through its agents, servants and employees, on or about December 18, 2007, in its jail in Edwardsville, Illinois, violated the aforesaid duties set out in paragraphs 8 of the Introductory Allegations hereinabove in the following ways:

        a.      Knowing that the Plaintiff was a suicide risk, he willfully and wantonly failed to remove any and all materials, blankets, sheets and other bed clothing, that the Plaintiff could use to hang himself with;

No. _____

b.      Knowing that the Plaintiff was a suicide risk, he willfully and wantonly failed to place the Plaintiff in an appropriate area in the jail which did not contain armatures, bars or other supports, which could be used by the Plaintiff to hang himself with;

c.      He willfully and wantonly failed to regularly monitor the Plaintiff when it knew that he was a suicide risk;

d.      He willfully and wantonly failed to monitor the Plaintiff when the Defendant knew that the Plaintiff was a suicide risk;

e.      Knowing that Plaintiff was a suicide risk, the Defendant acted with deliberate disregard for the Plaintiff's welfare by failing to obtain a prompt evaluation of the Plaintiff's psychiatric condition.

f.      Knowing that Plaintiff was a suicide risk, the Defendant acted with deliberate disregard for the Plaintiff's welfare by failing to obtain prompt treatment of the Plaintiff's psychiatric condition, including the prompt administration of medication.

g.      He willfully and wantonly allowed personnel who were untrained in medical procedures to continue to work at the jail, when he knew that allow these personnel to work there placed the inmate population who were on suicide watch at risk,

h.      He willfully and wantonly ratified and/or approved conduct involving the physical harassment and violence against prisoners when he knew that the inmates were placed at risk of physical harm thereby.

3.      That, as a direct and proximate result of the aforesaid, the Plaintiff attempted to hang himself and/or sustained trauma at the hands of the agents and/or

No. _____

employees of the defendant, and as a direct and proximate result of this attempt to hang himself and/or the aforesaid trauma he suffered ischemic anoxic injury to his brain; he has been rendered severely brain damaged and has suffered impairments in his mobility, his health and his ability to function, including in his ability to think and to speak; his cerebral injury causes him to have palsy; he is permanently and totally disabled from employment and will never be able to work or function in society; he has sustained medical bills and health care bills and will in the future sustain medical and health care bills in the approximate amount of One Million Dollars; he is required to live under supervised care and he will in the future require adjunct services and special equipment and hoists for wheelchair use and for ambulation and his special needs of ambulation, including platforms and special accommodations to vehicles to allow him to be a passenger therein; and he will require accommodations in the home that will allow him mobility;  that the aforesaid injuries are totally disabling and are permanent in nature.

WHEREFORE, the Plaintiff, REGINALD PITTMAN, by and through his Guardian and Appointed Next Friend, ROBIN M. HAMILTON, respectfully prays for a judgment in his favor and against the Defendant, COUNTY OF MADISON, STATE OF ILLINOIS, in am amount in excess of Fifty Thousand Dollars ($50,000.00) plus costs of suit; the Plaintiff demands trial by jury.

**PLAINTIFF DEMANDS TRIAL BY JURY**

## COUNT V

COMES NOW the Plaintiff, REGINALD PITTMAN, by and through his Guardian and Appointed Next Friend, ROBIN M. HAMILTON, and states the following for Count V of this Complaint, hereby filed against the Defendant, SHERIFF ROBERT HERTZ:

No. _____

1.     That, on or about 12/18/2007, and prior thereto, while incarcerated at the Madison County jail, the plaintiff was subjected to cruel and unusual punishment in violation of the 8th Amendment to the Constitution of the United States and the due process clause of the 14th Amendment to the Constitution of the United States.

2.     That, in particular, on or about 12/18/2007, the Defendant, SHERIFF ROBERT HERTZ, violated the provisions of Title 42 U.S.C. § 1983, as follows:

(a)     With deliberate indifference to Madison County jail suicide-risk inmate's and the plaintiff's welfare, he regularly failed to provide them with needed medical attention and, more particularly, failed to provide them with protection when he knew that the were suicide risks, by failing to train jail guards and officers in suicide prevention;

(b)     With deliberate indifference to Madison County jail suicide-risk inmates and the plaintiff, he condoned or allowed them to be regularly verbally harassed, when he knew that inmates such as the plaintiff were specifically at risk for such harassment as they were suicide risks;

(c)     He regularly acted with deliberate disregard for the suicide-risk inmates' welfare, including plaintiff's welfare, at the Madison County jail, by failing to provide trained guards and officers to monitor them, when he knew that, as suicide risks, the aforesaid inmates, including the Plaintiff, required close monitoring;

(d)     He regularly acted with deliberate disregard for Madison County jail suicide-risk inmate's, including the Plaintiff's, welfare, by regularly failing to remove all materials, blankets, sheets, and other bed clothing that the inmates, including the plaintiff, could use to hang themselves

No. _____

with, when it knew that, as suicide risks, they should not be provided with such articles;

(e)    Knowing that the Madison County jail suicide-risk inmates, including the plaintiff were a danger to themselves, he acted with deliberate disregard for their welfare by regularly failing to place them in an appropriate area in the jail which did not contain armatures, bars or other supports that could be used as a support with which to hang or otherwise injure themselves.

(f)    Knowing that Plaintiff and other inmates were a suicide risk, he acted with deliberate disregard for their welfare by regularly failing to obtain a prompt evaluation of their psychiatric condition.

(g)    Knowing that Plaintiff and others were a suicide risk, he acted with deliberate disregard for the plaintiff's welfare by regularly failing to obtain prompt treatment for jail inmate's and the Plaintiff's psychiatric condition, including an administration of appropriate medications.

(h)    He acted with deliberate indifference to the inmate's and the plaintiff's welfare by ratifying and/or approving conduct involving the physical harassment and violence against prisoners when he knew that the inmates were placed at risk of physical harm thereby.

3.    As a direct and proximate result of the depravation of civil and human rights by the defendant, the plaintiff attempted to hang himself, himself and/or sustained trauma at the hands of the agents and/or employees of the defendant, and as a direct and proximate result of this attempt to hang himself and/or the aforesaid trauma, he suffered ischemic anoxic injury to his brain; he has been rendered severely brain damaged and has

No. _____

suffered impairments in his mobility, his health and his ability to function, including in his ability to think and to speak; his cerebral injury causes him to have palsy; he is permanently and totally disabled from employment and will never be able to work or function in society; he has sustained medical bills and health care bills and will in the future sustain medical and health care bills in the approximate amount of One Million Dollars; he is required to live under supervised care and he will in the future require adjunct services and special equipment and hoists for wheelchair for ambulation and special needs of ambulation, including platforms and special accommodations to vehicles to allow him to be a passenger therein; and accommodations in the home that will allow him increased mobility; that the aforesaid injuries are totally disabling and are permanent in nature.

WHEREFORE, the Plaintiff, REGINALD PITTMAN, by and through his Guardian and Appointed Next Friend, ROBIN M. HAMILTON, respectfully prays for a judgment in his favor and against the Defendant, SHERIFF ROBERT HERTZ, in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus costs of suit and attorney's fees, pursuant to 42 U.S.C. §1988; the Plaintiff demands trial by jury.

**PLAINTIFF DEMANDS TRIAL BY JURY**

<u>**COUNT VI (State Claim)**</u>

COMES NOW the Plaintiff, REGINALD PITTMAN, by and through his Guardian and Appointed Next Friend, ROBIN M. HAMILTON, and states the following for Count VI of this complaint, hereby filed against the Defendant, SHERIFF ROBERT HERTZ:

1.      That, the Defendant, acting by and through his agents, servants and employees, on or about December 18, 2007, the Madison County jail in Edwardsville,

No. _____

Illinois, violated the aforesaid duties set out in paragraph 9 of the Introductory Allegations, hereinabove in the following ways:

    a.    Knowing that the Plaintiff was a suicide risk, he willfully and wantonly failed to remove any and all materials, blankets, sheets and other bed clothing, that the Plaintiff could use to hang himself with;

    b.    Knowing that the Plaintiff was a suicide risk, he willfully and wantonly failed to place the Plaintiff in an appropriate area in the jail which did not contain armatures, bars or other supports, which could be used by the Plaintiff to hang himself with;

    c.    He willfully and wantonly failed to regularly monitor the Plaintiff when it knew that he was a suicide risk;

    d.    He willfully and wantonly failed to monitor the Plaintiff when the Defendant knew that the Plaintiff was a suicide risk;

    e.    Knowing that Plaintiff was a suicide risk, the Defendant acted with deliberate disregard for the Plaintiff's welfare by failing to obtain a prompt evaluation of the Plaintiff's psychiatric condition.

    f.    Knowing that Plaintiff was a suicide risk, the Defendant acted with deliberate disregard for the Plaintiff's welfare by failing to obtain prompt treatment of the Plaintiff's psychiatric condition, including the prompt administration of medication.

    g.    He willfully and wantonly allowed personnel who were untrained in medical procedures to continue to work at the jail, when he knew that allow these personnel to work there placed the inmate population who were on suicide watch at risk,

No. _____

      h.      He willfully and wantonly ratified and/or approved conduct involving the physical harassment and violence against prisoners when he knew that the inmates were placed at risk of physical harm thereby.

    4.      That, as a direct and proximate result of the aforesaid, the Plaintiff attempted to hang himself, and/or sustained trauma at the hands of the agents and/or employees of the defendant, and as a direct and proximate result of this attempt to hang himself and/or the aforesaid trauma, he suffered ischemic anoxic injury to his brain; he has been rendered severely brain damaged and has suffered impairments in his mobility, his health and his ability to function, including in his ability to think and to speak; his cerebral injury causes him to have palsy; he is permanently and totally disabled from employment and will never be able to work or function in society; he has sustained medical bills and health care bills and will in the future sustain medical and health care bills in the approximate amount of One Million Dollars; he is required to live under supervised care and he will in the future require adjunct services and special equipment and hoists for wheelchair for ambulation and special needs of ambulation, including platforms and special accommodations to vehicles to allow him to be a passenger therein, and accommodations in the home that will allow him increased mobility; that the aforesaid injuries are totally disabling and are permanent in nature.

      WHEREFORE, the Plaintiff, REGINALD PITTMAN, by and through his Guardian and Appointed Next Friend, ROBIN M. HAMILTON, respectfully prays for a judgment in his favor and against the Defendant, COUNTY OF MADISON, STATE OF ILLINOIS, in am amount in excess of Fifty Thousand Dollars ($50,000.00) plus costs of suit; the Plaintiff demands trial by jury.

**PLAINTIFF DEMANDS TRIAL BY JURY**

No. _____

THE REX CARR LAW FIRM, LLC,

BY: _____

ROSS T. ANDERSON#3121524
412 Missouri Avenue
East St. Louis, IL 62201
(618) 274-0434; FAX: 618.274.8369
e-mail:  Randerson@rexcarr.com
ATTORNEYS FOR PLAINTIFF