IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

REGINALD PITTMAN,
By and through his Guardian and
Next Friend,
ROBIN M. HAMILTON,

Plaintiff,

v.

COUNTY OF MADISON, STATE
OF ILLINOIS,  et al.,

Defendants.                                                         No. 08-0890-DRH

**MEMORANDUM and ORDER**

**HERNDON, Chief Judge:**

## I. Introduction and Background

Pending before the Court is plaintiff's motion for new trial pursuant to Federal Rule of Civil Procedure 59(b) and/or to amend judgment pursuant to Federal Rule 59(e) (Docs. 100 & 102). Defendants filed a response (Doc. 104).  Based on the following, the Court denies the motion.

On December 23, 2009, Reginald Pittman, by and through his Guardian and Appointed Next Friend, Robin M. Hamilton, filed a Third Amended Complaint containing fourteen counts against the County of Madison, State of Illinois, Captain Joseph Gulash, Sheriff Robert Hertz, Sergeant Randy Eaton, Barbara J. Unfried, Matt Werner, Robert Blankenship, M.D., Jeffrey Hartsoe, Lieutenant Renee Stephenson, John Doe 6 through John Doe 10, and John Doe Entity 1 through John Doe Entity 5 (Doc. 42).  Counts I, III, V, VII, VIII, IX, X, XI, XII and XIII are directed

against the County of Madison, Gulash, Hertz, Eaton, Unfried, Werner, Blankenship, Hartsoe, Stephenson and the John Doe defendants. In these counts, plaintiff alleges violations of 42 U.S.C. § 1983 in that plaintiff claims that these defendants were deliberately indifferent to Pittman's suicide risk by failing to provide him with needed medical attention and protection. Counts II, IV and VI are directed against the County of Madison, Gulash, and Hertz. In these counts, plaintiff alleges, *inter alia*, state law claims for willful and wanton actions in that plaintiff claims that these defendants failed to remove materials from Pittman's cell that could be used for a suicide attempt. Lastly, Count XIV is directed against the County of Madison, Gulash, and Hertz. In this count, plaintiff alleges violations of 42 U.S.C. § 1983 and seeks injunctive relief and requests that the Court order defendants to provide a written plan for each jail detainee receiving psychiatric services.

As this matter was decided at the summary judgment stage and judgment was entered, the Court analyzes plaintiff's motion under Rule 59(e) standards.

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was mistake of law or fact, or presents newly discovered evidence that could not have been discovered previously. *Harrington v. City of* Chicago, 433 F.3d 542, 546 (7th Cir. 2006); *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n. 3 (7th Cir. 2001)("Rule 59(e) requires that the moving party ... 'present newly discovered evidence' or 'clearly establish a manifest error of law or an intervening change in the controlling law.'"); Matter *of Prince,* 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 519 U.S. 1040; *Deutsch v. Burlington Northern R. Co.,* 983 F.2d 741 (7th Cir.1993).

Although Rule 59 relief is appropriate if the movant "presents newly discovered evidence that was not available at the time of trial or ... points to evidence in the record that clearly establishes a manifest error of law or fact," such relief is *not* properly awarded based on arguments or theories that could have been proffered before the district court rendered judgment. *County of McHenry v. Insurance Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006)(citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263 (7th Cir. 1995)). The Seventh Circuit has emphasized that Rule 59(e) may not be used to relitigate issues already argued or to present new arguments that *could have been presented* before judgment was entered. *See, e.g., Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d at 1264, 1270 (7th Cir. 1996); *Bally Export Corp. v. Balicar Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986); *Publishers Resource, Inc., v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985)**.**

Plaintiff contends that the Court should hold a new trial and/or alter amended the judgment on the state law causes of action in Counts II, IV and VI because the Court did not address the issues of negligence and willful and wanton failure to provide medical treatment contained in those counts; that Court should vacate the summary judgment order should be vacated as defendants were on notice in a negligence context that the suicide prevention policies were ineffective; and that certain facts were missing from the Court's order and that an issue of law requires vacation of judgment. Defendants maintain that these issues have been addressed and analyzed and that the motion should be denied.

First, plaintiff contends that the Court did not fully address the negligence

claims contained in Counts II - against County of Madison; IV - against Gulash and V- against Hertz and that there is a surfeit of evidence supporting the proposition that these defendants, acting by and through their agents, were negligent in failing to monitor and correctly house Pittman. Further, plaintiff maintains that defendants Madison County, Gulash and Hertz were willful and wanton in that they failed to give medical care to Pittman. Specifically, plaintiff contends that Madison County, Gulash and Hertz were on notice through the jailers that Pittman was a suicide risk. The Court disagrees with plaintiff's assessment of the facts and the record demonstrates otherwise.

Illinois's Local Governmental and Governmental Employees Tort Immunity Act provides that as a general matter, "[n]either a local public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody ..." 745 Ill. Comp. Stat.. 10/4–105 (2004). This immunity however, does "not apply where the employee, acting within the scope of his employment, knows from his observation of conditions that the prisoner is in need of immediate medical care and, through willful and wanton conduct, fails to take reasonable action to summon medical care." *Williams v. Rodriguez*, 509 F.3d 392, 405 (7th Cir. 2007). The Seventh Circuit has held that the "willful and wanton [standard] is 'remarkably similar' to the deliberate indifference standard." *Id* at 405; *Chapman v. Keltner,* 241 F.3d 842, 847 (7th Cir. 2001)(citing *Payne for Hicks v. Churchich,* 161 F.3d 1030, 1041 n. 13 (7th Cir.1998)). Further, Madison County's liability is premised on vicarious liability for the actions of its employees. 745 Ill. Comp. Stat. 10/4–105.

Bradley Banovz, the inmate housed next to Pittman and plaintiff's main witness, testified that Pittman never told a jail officer that Pittman was suicidal. However, Banovz did testify that Pittman allegedly told jail officers Eaton (December 18, 2007) and Werner (December 14, 2007) he wanted to speak to CRISIS prior to the suicide attempt.[1] While a request to speak to CRISIS should be taken seriously, it does not always put jailers on notice of a suicide risk. The record does not reveal that defendants were aware of facts from which the inference could be drawn that a substantial risk of suicide existed and that defendants recklessly or intentionally disregarded a known risk of suicide. In fact, the record reveals that Pittman in the past requested CRISIS to manipulate the prison staff into moving him to different housing. For instance on October 21, 2007, medical staff saw Pittman and indicated that he did not have suicidal ideation but that he informed jail staff that he was suicidal in the hopes of being moved to a different housing unit. He was referred to CRISIS after this. From August 16, 2007 to December 19, 2007, Pittman saw CRISIS at least three times and each time Pittman stated that he was not suicidal and CRISIS found the same. As the Court granted summary judgment in favor of defendants on the § 1983 claims, the Court finds that summary judgment was proper on negligent claims and the willful and wanton claims for failure to provide medical care. The same reasoning applies these claims against Madison County as it relates to its vicarious liability for defendants' conduct. Thus, the Court rejects plaintiff's

---

[1] The record also reflects that on December 19, 2007, jailers conducted the required 30 minute rounds to Pittman's cell. During officer Hill's rounds (6:00 p.m.; 6:30 p.m.; 7:00 p.m.; and 7:30 p.m.), Hill saw Pittman sitting on his bed and Pittman did not mention that he was suicidal or that he needed to see CRISIS.

argument regarding the negligent and willful and wanton claims contained in Counts II, IV and VI.

Further, there is no evidence in the record that defendants were on notice of a suicide problem in the Madison County Jail. Moreover, there is no evidence that the suicide prevention program in place in at the Madison County Jail is inadequate. Plaintiff has not shown that the policies and procedures of the Madison County Jail were so inadequate that the County of Madison was put on notice that at the time Pittman was detained there was a substantial risk that he would be deprived of necessary medical care in violation of the Eighth Amendment. Plaintiff has not shown a pattern of suicides from which an inference could be drawn that defendants were aware that the jail policies were constitutionally inadequate. Likewise, the Court applied the correct deliberate indifference standard in this case. *See Williams v. Rodriguez*, 509 F.3d at 403.

Lastly, plaintiff suggests that the Court erred when it found and cited to *Collins v. Seeman*, 462 F.3d 757 (7th Cir. 2006) that a request to see a crisis counselor is not sufficient to put defendant on notice that an inmate poses a substantial threat and imminent risk of suicide. Plaintiff maintains that Kathleen Suda testified "that a request for "crisis" counseling implies a mental health crisis which use [sic] to be immediately addressed." The Court again rejects this argument. As stated *supra* and in its previous Order, the Court found:

> Also, the record indicates that Pittman in the past requested CRISIS to manipulate the prison staff into moving him to different housing. *See Collins*, 462 F.3d 761 ("inmates often request meetings with crisis counselors for reasons both serious and mundane, and sometimes make requests as a means of manipulating prison staff." The Seventh

> Circuit has stated: "A request to see a crisis counselor, standing alone, is not sufficient to put defendant on notice that an inmate poses a substantial threat and imminent risk of suicide." *Collins*, 462 F.3d 761 (quoting *Matos*, 335 F.3d at 558 ("[N]ot every prisoner who shows signs of depression or exhibits strange behavior can or should be put on suicide watch.")).

Pittman's alleged request to Eaton and Werner to speak to CRISIS does not establish that these defendants were aware of the facts from which inference could be drawn that a substantial risk of suicide existed. Thus, the alleged request to speak with CRISIS did not alert the individual defendants to the likelihood that Pittman was a *genuine* suicide risk.

The Court finds that plaintiff neither presented newly discovered evidence nor identified a manifest error of law or fact. The motion mainly takes umbrage with the Court's ruling. Plaintiff has not demonstrated -and the record reveals -no basis warranting relief under Rule 59(e). The Court remains convinced of the correctness of its decision.

Accordingly, the Cour **DENIES** plaintiff's motion for new trial pursuant to Federal Rule of Civil Procedure 59(b) and/or to amend judgment pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 100). Further, the Court **DENIES** as moot plaintiff's motion to file fourth amended complaint (Doc. 101).

**IT IS SO ORDERED.**

Signed this 31st day of August, 2012.

Digitally signed by David R. Herndon
Date: 2012.08.31 15:56:47 -05'00'

**Chief Judge**
**United States District Court**