IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

REGINALD PITTMAN, *By and through his Guardian and Next Friend, Robin M. Hamilton*,

      Plaintiff,

      vs.

COUNTY OF MADISON, STATE OF ILLINOIS, *et al.*,

      Defendants.

Case No. 08-cv-890-SMY-DGW

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss and Motion to Strike Plaintiff's Fourth Amended Complaint (Doc. 130). Plaintiff Reginald Pittman filed his response (Doc. 137). For the following reasons, the Court grants in part and denies in part the motion.

**Background**

Plaintiff was a pretrial detainee at the Madison County Jail at the time he attempted suicide on December 19, 2007. In the months preceding his suicide attempt, he had requested assistance from Chestnut Health Systems ("CRISIS") on several occasions. According to inmate Banovz, defendants Deputy Werner and Sergeant Eaton ignored Plaintiff's requests for CRISIS assistance in the days immediately prior to the suicide attempt. Banovz indicated Plaintiff asked Deputy Werner to speak to CRISIS on December 14, 2007. Deputy Werner, however, failed to refer Plaintiff to CRISIS and joked about the request. Deputy Werner denies the incident. Banovz further indicated that on December 18, 2007, Plaintiff cried for three to five hours and asked Sergeant Eaton to talk to CRISIS. Banovz maintained that Sergeant Eaton agreed to refer

Plaintiff to CRISIS, but Plaintiff was never taken to CRISIS. The next day, Plaintiff used a blanket tied to his cell bars to hang himself. As a result, he suffered ischemic anoxic injury to his brain leaving him severely brain-damaged.

The Court granted summary judgment as to all defendants on the ground that Plaintiff failed to produce sufficient evidence of deliberate indifference or willful and wanton misconduct. Plaintiff appealed. The Seventh Circuit affirmed in part and reversed in part the grant of summary judgment. Specifically, the Seventh Circuit found that there was an issue of fact with respect to the claims against Deputy Werner and Sergeant Eaton. It also reversed summary judgment with respect to Madison County and Sheriff Hertz to the extent they may be vicariously liable on Plaintiff's state law claims.

Plaintiff has now filed his Fourth Amended Complaint in which he brings the following claims: (1) Count I – indemnity for civil rights violation against Madison County; (2) Count II – a state law claim against Madison County; (3) Count III – a civil rights claim against Captain Joseph Gulash (noting the Seventh Circuit affirmed the entry of judgment against Gulash on this claim); (4) Count IV – civil rights claim against Hertz, Unfried, Blankenship, Hartsoe, Stephenson, John Doe Defendants 6 – 10, and John Doe Entities 1 – 5 (noting the Seventh Circuit affirmed the entry of judgment against these defendants); (5) Count V - a state law claim against Sheriff Hertz, in his capacity as sheriff and custodian of the Madison County Jail; (6) Count VI – a civil rights claim against Sergeant Eaton; (7) Count VII – a civil rights claim against Deputy Werner; and (8) Count VIII – injunctive relief against Madison County, Captain Gulash, and Sheriff Hertz (noting that the Seventh Circuit affirmed the entry of judgment on this claim).

**Analysis**

Now before the Court is Defendants' Motion to Strike and Motion to Dismiss Plaintiff's Fourth Amended Complaint. The Court will address the arguments in turn.

<u>Motion to Strike</u>

The Court may strike "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 11(f). The Court is also mindful that under the law of the case doctrine, "a district court may address only (1) the issues remanded, (2) issues arising for the first time on remand, or (3) issues that were timely raised before the district and/or appellate courts but which remain undecided." *United States v. Morris*, 259 F.3d 894, 898 (7th Cir. 2001).

Defendants first argue that the Court must strike Paragraph Six of Plaintiff's Fourth Amended Complaint because those allegations imply liability for all Defendants, including Defendants that were already dismissed. Plaintiff argues that these should not be stricken because they are general duty allegations. Further, Plaintiff maintains that the Seventh Circuit did not limit the vicarious liability of Madison County and Sheriff Hertz to the actions of Deputy Werner and Sergeant Eaton and that vicarious liability may still arise from the unnamed officer's actions. The Court finds it unnecessary to strike the allegations in Paragraph Six because they are general duty allegations and denies the motion to that extent.

The Court further denies Defendants' motion to strike Paragraphs Seven and Eight. These paragraphs do not improperly revive claims against defendants Hertz or Madison County. Rather, these paragraphs address the vicarious liability of these defendants which the Seventh Circuit explicitly approved in its opinion.

Count II sets forth a state-law claim against Madison County and Count V sets forth a state law claim against Hertz. In Count II, Plaintiff states "[t]hat the defendant, acting by and through its agents, servants and employees, including defendants, Sergeant [] Eaton and

[Deputy] Werner . . . ." In Count V, Plaintiff states: "[t]hat the defendant, acting by and through his agents, servants and employees, including defendant Sergeant [] Eaton and Deputy [] Werner and the other custodial staff at the Madison County Jail . . . ." These allegations set forth a vicarious liability claim, and the Court will not strike them to that extent. However, as the Court previously explained, the Seventh Circuit explicitly found that summary judgment was properly entered against other defendants. As such, the Court will strike from Count V the portion stating "and the other custodial staff at the Madison County Jail."

Next, Defendants ask the Court to strike the portion of Plaintiff's Complaint in which he purports to preserve his appellate rights. The Court finds it unnecessary to strike these portions of the complaint and denies Defendants' motion to that extent.

## Motion to Dismiss

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Bell Atl.*, 550 U.S. at 556).

First, Defendants contend that Plaintiff's state law claims against Madison County and Sheriff Hertz must be dismissed under the Illinois Tort Immunity Act.  Specifically, Defendants assert that "Plaintiff's request for judgment to be entered against Madison County for *any judgment* entered against [Sergeant] Eaton or [Deputy] Werner should be dismissed" because the Court would first have to find that these defendants were acting within the course and scope of their employment.  This is merely a prayer for relief, not a misstatement of the law.  As such, the Court denies Defendants' motion to dismiss to that extent.

Defendants next argue that Plaintiff's prayer for attorneys' fees must be dismissed.  Plaintiff concedes that "Madison County is not required to indemnify either [Sergeant] Eaton or [Deputy] Werner for an award of attorney fees against them" (Doc. 137, p. 12).  As such, the Court grants Defendants' motion to dismiss to that extent.

Finally, Defendants maintain that Counts II and V of Plaintiff's Fourth Amended Complaint must be dismissed because Madison County and Hertz can only be held liable under the doctrine of vicarious liability for Plaintiff's state law claims.  Counts II and V, however, address vicarious liability.  In Count II, as to Madison County, Plaintiff alleges "[t]hat, the defendant, acting by and through its agents, servants and employees, including defendants, [Sergeant] Eaton and [Deputy] Werner . . . ." (Doc. 123, p. 5).  Count V similarly alleges a vicarious liability claim against Sheriff Hertz.[i]  Defendants argue that the Complaint should be dismissed to the extent it asks the Court to "enter relief against Madison County and/or [Sheriff] Hertz for any action other than the willful and wanton acts of [Sergeant] Eaton and [Deputy] Werner, performed in the scope of their employment" (Doc. 131, p. 10).  However, it will be for the jury to determine whether the alleged acts of Sergeant Eaton and Deputy Werner were willful and wanton, thus supporting vicarious liability for Sheriff Hertz and Madison County.  The Court thus denies the motion to the extent it seeks dismissal of Counts II and V.

5

**Conclusion**

For the foregoing reasons, the Court grants in part and denies in part Defendants' Motion to Dismiss and Motion to Strike Plaintiff's Fourth Amended Complaint (Doc.130).  Specifically the Court:

- **GRANTS** the motion to the extent it
    - **STRIKES** from Count V the portion stating "and the other custodial staff at the Madison County Jail"; and
    - **DISMISSES** Plaintiff's claim for indemnification for attorneys' fees against Madison County.
- **DENIES** the motion to the extent it
    - declines to strike Paragraphs Six through Eight;
    - declines to strike Counts II & V (with the exception of "and the other custodial staff at the Madison County Jail");
    - declines to dismiss the state law claims against Madison County and Hertz; and
    - declines to dismiss Counts II and V.

**IT IS SO ORDERED.**

**DATED:**  November 24, 2014

s/ Staci M. Yandle<br>
**STACI M. YANDLE**<br>
**DISTRICT JUDGE**

---

[i] The Court already struck the portion of Count V which states "and the other custodial staff at the Madison County Jail."