IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REGINALD PITTMAN, *By and through his Guardian and Next Friend, Robin M. Hamilton*,<br><br>    Plaintiff,<br><br>    vs.<br><br>COUNTY OF MADISON, STATE OF ILLINOIS, *et al.*,<br><br>    Defendants. | Case No. 08-cv-890-SMY-DGW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion to Reconsider this Court's Order Denying Defendants' Motion *in Limine* Regarding Plaintiff's "Suicide Notes" (Doc. 168) to which Plaintiff has responded (Doc. 171). For the following reasons, the Court grants in part and denies in part the motion.

Defendants previously filed their Motion *in Limine* (Doc. 159) seeking to exclude letters written by Plaintiff characterized as "suicide notes." This Court's Order (Doc. 162) only addressed one letter Plaintiff wrote to his grandmother (Doc. 60-2, p. 40). Defendants argued at a hearing held February 4, 2015, the letter was inadmissible because it does not indicate Defendants' subjective knowledge of Plaintiff's imminent risk of suicide. Plaintiff argued the letter was admissible as a dying declaration. The Court agreed with Plaintiff and found the letter admissible as a dying declaration. The Court further found Plaintiff's letter to his grandmother was relevant and its probative value was not outweighed by prejudice to the Defendants. Defendants now ask the Court to reconsider its Order arguing that the "suicide notes" are not relevant or reliable evidence and they are not dying declarations because the statements were not made under the belief of impending death.

"A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where

the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)); Fed. R. Civ. P. 54(b) (providing a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). The decision whether to reconsider a previous ruling in the same case is governed by the law of the case doctrine. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). The law of the case is a discretionary doctrine that creates a presumption against reopening matters already decided in the same litigation and authorizes reconsideration only for a compelling reason such as a manifest error or a change in the law that reveals the prior ruling was erroneous. *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008); *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007).

With respect to Plaintiff's letter written to his grandmother, Defendants raise the same arguments this Court has already considered and rejected in its Order denying Defendants' Motion *in Limine*. Defendants have not presented a compelling reason for reconsideration of that Order. As such, the Court denies Defendants' Motion to Reconsider with respect to Plaintiff's letter to his grandmother (Doc. 60-2, p. 40). With respect Plaintiff's letter to his girlfriend, Plaintiff indicated in his response that he has no intention of introducing that letter at trial. As such, the Court grants Defendant's Motion to Reconsider with respect to Plaintiff's letter to his girlfriend (Doc. 170).

For the foregoing reasons, the Court grants in part and denies in part Defendants' Motion to Reconsider (Doc. 168).

**IT IS SO ORDERED.**

**DATED:** February 27, 2015

             s/ Staci M. Yandle
             **STACI M. YANDLE**
             **DISTRICT JUDGE**