IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

REGINALD PITTMAN, by and through )
the her guardians, Robin Hamilton et al. )
     Plaintiff )
)
)
vs. ) Cause No. 3:08-cv-00890-SMY-DGW
)
COUNTY OF MADISON, et al. )
     Defendant

## OBJECTION TO BILL OF COSTS

### FACTS

The defendants have filed a bill of costs. See attached Exhibit 1 for numbered bill of costs. The defendants are filing their objection to the bill of costs on the following grounds.

    a.    The Indigence of the Plaintiff,

    b.    The costs on page 1 of the bill of costs were not timely sought.

    c.    Specific costs were not related to the claims and issues that were tried.

### ARGUMENT

**I.    THE INDIGENCE OF THE PLAINTIFF.**

In a Title 42 § 1983 case, the court may deny a bill of costs if the party against whom the costs are asserted is indigent. See for example Rivera v. City of Chicago, 469 F.3d 631.

Plaintiff Reginald Pittman is Indigent. He receives $733.00 per month in disability payments. See attached Exhibit 2, the affidavit of Robin Hamilton. That amount is used entirely to defray expenses for supplies that are necessary for the plaintiff's health and survival. See attached Exhibit 1, and the testimony of Dr. Colin

Butterfield, Dr. Richard Katz, Jan Klosterman and Robin Hamilton at trial. Plaintiff Reginald Pittman's injuries are permanent. Plaintiff will never have income. According to the un-contradicted testimony at trial, the plaintiff does not receive the necessary therapy services and round-the-clock care that he needs. The Pittman family is on the brink of financial collapse because of Mr. Pittman's health needs. See attached public aid lien marked as Exhibit 3 and the Medical bills summary marked as Exhibit 4. Furthermore, the State of Illinois intends to cut payment for Robin Hamilton's services, making it even less likely that there will be funds available to satisfy costs without endangering plaintiff Reginald Pittman's health. See Exhibit 2. The collection of an awarded bill of costs could in the case deprive plaintiff of necessary medical supplies and might endanger his health. (See testimony of Colin Butterfield that if Mr. Pittman did not receive the care provided by Robin Hamilton, he would not survive one week.)

## II.     THE BILL OF COSTS IN THIS CASE WAS FILED TOO LATE

Bills of costs must be timely filed to be valid. See, for example <u>Mims v. Arrow Financial Services, LLC</u>, 900 F.Supp.2d 1336 (S. D. Fla. 2012). On September 27, 2012, the court denied the plaintiff's post-trial motion. The judgment became final on October 27, 2012. On that date, the court lost jurisdiction with respect to issuing costs to the prevailing parties. See, <u>Alameda v. Paraffine Companies, Inc.</u>, 169 F.2d 408 (9th Cir. 1948), holding that court retains jurisdiction to assess costs during the term (before judgment is final.)

Neither the original Court Order, nor the Judgment assessed costs in favor of defendants. The denial of the motion for new trial was entered in 2012.

The appropriate vehicle for amending the judgment to include costs not assessed either in the original judgment or by way of a bill of costs is contained in Rule 60 of the Federal Rules of Civil Procedure. The judgment could be amended within one year of the date it became final, and, while on appeal, only with leave of the appellate court. The defendants did not do so. No bill of costs was filed.

For the foregoing reasons, the costs contained on page 1 are not timely filed. They amount to $15,193.99. These costs should be disallowed as not having been timely asserted.

### III. THE DEFENDANTS CANNOT PROVE THAT THE VAST MAJORITY OF ASSERTED COSTS WERE NECESSARY TO PROSECUTE THE CASE.

A party seeking an award of costs has the burden of showing that the costs are reasonable and necessary to the litigation. See Bonds v. Fizer, 2014 WL 5785897 for a summary of the law of costs assessment. The deposition and expert discovery listed on Exhibit 1 is almost entirely related to the Monell claims and the Individual claims against parties that were dismissed before the case was remanded. These items were not necessarily incurred in furtherance of the litigation that was tried.

Thus, the following costs fall into this category.

| | | |
|---|---|---|
| 13 | Captain Joseph Gulash  Doc. 60-15 | $247.40 |
| Line 14. | Michael Lane's review | $114.92 |
| Line 20 | Barbara Unfried Deposition Transcript  Document 60-17 and 60-18- Amount not differentiated from Werner and Eaton Deposition | $589.75 |
| Line 25 | Lieutenant Renee Stephenson Doc. 60-25. | $217.00 |
| Line 30 | Dr. Robert Blankenship Document 60-16 | $183.75 |

| | | |
|---|---|---|
| Line 31 | Sheriff Hertz and Cale Becker  Document 60-11 | $248.50 |
| Line 35 | Jeffery Hartsoe  Document 60-14 | $616.00 |
| Line 39 | Sandra Schlosberg Document 60-21 and 60-22. | $894.05 |
| Line 40 | Sheriff James Metts 60-19 and 60-20. | $1,133.05 |
| Line 43 | Dunham and Karvinen (Dunham apparently billed twice) Witness not used at trial. | $308.50 |
| Line 47 | Melissa Todd witness fee | $83.75 |
| Line 48 | Kathleen Suda witness fee | $69.22 |
| Line 49 | Service of subpoenas K. Suda, M. Todd | $234.00 |
| Line 50 | Deposition of Michael Lane (part 1)  Exhibit 5 Witness not used at trial. | $392.25 |
| Line 52 | Terry Fillman documents | $86.40 |
| Line 54 | deposition transcript Melissa Todd  Doc. 78-4 Witness not used at trial. | $485.75 |
| Line 55 | Deposition transcript Kathleen Suda Doc. 78-3 Witness not used at trial. | $303.75 |
| Line 56 | Deposition Transcript Michael Lane II  Exhibit  6 Witness not used at trial. | $347.50 |
| Line 61 | Terry Fillman deposition Document 94-1. | $670.62 |

The total of the referenced items is $7,226.16 and should be disallowed. Exhibits 5 and 6 could not be filed electronically, as they were too large. Should the court desire plaintiff's counsel will file same separately. Suffice it to say, that the depositions are more than 300 pages and consist almost entirely of testimony concerning the Monell claims that are not a part of the suit that was tried.

Wherefore, the plaintiff prays as follows:

1.     That the Court disallow the bill of costs in its entirety based upon the plaintiff's indigence and the hardship that would result from the assessment of costs against the plaintiff;

2.     That, in the event paragraph 1 of this prayer is denied, that the Court disallow $15,193.99 of the costs claimed because they were not timely asserted for the reasons set forth hereinabove in section 2 of the argument section of this objection;

3.     That, in the event that paragraphs 1 and 2 of this prayer are denied, that the court disallow $7,226.16 of costs for the reasons set forth in paragraph 3 of the argument section of this objection;

4.     That the court enter such other order as it may deem just and proper in the premises.

/s/Ross T. Anderson
ROSS T. ANDERSON#3121524
412 Missouri Avenue
East St. Louis, IL 62201
(618) 274-0434; FAX: 618.274.8369
e-mail:  Randerson@andersonlawoffice.biz
ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2015, I electronically filed the attached document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Ross T. Anderson