IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

REGINALD PITTMAN, *By and through his Guardian and Next Friend, Robin M. Hamilton*,

      Plaintiff,

  vs.

COUNTY OF MADISON, STATE OF ILLINOIS, *et al.*,

      Defendants.

Case No. 08-cv-890-SMY-DGW

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Bill of Costs (Doc. 201) to which Plaintiff has objected (Doc. 207). Defendants replied (Doc. 208). For the following reasons, the Court **DENIES** the Bill of Costs.

On March 12, 2015, a jury returned a verdict in favor of Defendants. Defendants now seek costs in the amount of $18,075.51. Plaintiff objects to those costs based on his indigency. Additionally, Plaintiff asserts that Defendants' Bill of Costs is untimely and that certain costs were not related to the claims and issues that were tried.

In support of his claim of indigency, Plaintiff attaches the affidavit of Robin Hamilton, his mother and primary caregiver. According to the affidavit, Plaintiff owes $500,000 for outstanding medical bills, he receives a monthly disability payment of $733 and his monthly expenses are over $1,000. Hamilton further avers that Plaintiff's injuries are permanent, that he is completely and totally disabled and that he has no ability to earn income in the future.

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed

to the prevailing party."  Ordinarily the Clerk of Court taxes costs in favor of the prevailing party on 14 days' notice.  Fed. R. Civ. P. 54(d)(1).  Those costs may include:

> (1) Fees of the clerk and marshal; (2) Fees for printed and electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  The Court presumes that a prevailing party is entitled to costs as a matter of course, but has the discretion to deny or reduce costs where warranted.  *Krocka v. City of Chicago*, 203 F.3d 507, 518 (7th Cir. 2000); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).  This presumption in favor of awarding costs is difficult for the non-prevailing party to overcome.  *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997); *see also Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988) ("unless and until the losing party affirmatively shows that the prevailing party is not entitled to costs, the district court must award them, 'as of course'").

The Seventh Circuit has recognized two situations that warrant the denial of costs: "the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent."  *Mother & Father*, 338 F.3d at 708.  To deny a bill of costs on the grounds of indigency, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future.'"  *Rivera v. City of Chi.*, 469 F.3d 631, 635 (7th Cir. 2006) (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)).  The losing party carries the burden of providing the court with "sufficient documentation to support such a finding."  *Rivera*, 469 F.3d at 635 (internal quotations omitted).  "This documentation should include

evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Id*.

Here, Plaintiff has provided sufficient evidence of his income and assets to establish that he would be incapable of paying the costs Defendant seeks - now or in the future.  Plaintiff's annual household income of $8,796 is below the $11,770 poverty threshold for a one-person household.  *See* Annual Update of the HHS Poverty Guidelines, 80 FR 3236, 3237 (Jan. 22, 2015).  This income does not allow him to meet his monthly expenses and satisfy the debt owed to medical care providers much less any costs that may be imposed in this case.

Also, though Plaintiff was unsuccessful on his claims against Defendants, the claims were not without merit.  The issues tried were difficult and Plaintiff had a good faith basis for bringing and prosecuting his lawsuit.[1]  Accordingly, Defendant's Bill of Costs (Doc. 201) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:**  April 29, 2016

        s/ Staci M. Yandle
        **STACI M. YANDLE**
        **DISTRICT JUDGE**

---

[1] In light of the Court's determination based on Plaintiff's indigency, the Court makes no finding with respect to Plaintiff's additional objections to the Bill of Costs.