## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| *REGINALD PITTMAN, by and through his Guardian and Next Friend, ROBIN M. HAMILTON,* | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Cause No. 3:08-cv-890-SMY-DGW** |
| *COUNTY OF MADISON, et al.,* | ) ) | |
| **Defendants.** | ) | |

## FINAL PRETRIAL ORDER

This matter is before the Court for a Final Pretrial Conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure:

**COUNSEL OF RECORD:**

**Attorney for Plaintiff:**
Ross T. Anderson,
1355 North Bluff Road, Suite E, Collinsville, Illinois 62234
Telephone: 636/866.1681
E-mail: randerson@legal-matters.com

**Attorney(s) for Defendants:**
John L. Gilbert,
Ashley M. Walker,
Sandberg, Phoenix and von Gontard, P.C.
101 W. Vandalia Street-3rd Floor
Edwardsville, Illinois 62025
Telephone: 618/659.9861
Email: jgilbert@sandbergphoenix.com, awalker@sandbergphoenix.com

## I.    NATURE OF THE CASE

The Plaintiff Reginald Pittman claims Defendants violated Plaintiff Reginald Pittman's right to receive medical care by not allowing Plaintiff Reginald Pittman to see the mental health counselors at the Madison County jail. The Defendants deny this claim.

II.     **SUBJECT MATTER JURISDICTION**

This is an action for sounding under Title 42, Section 1983; therefore, federal question subject matter jurisdiction exists under Title 28, Section 1331.

The existence of subject matter jurisdiction is not contested.

III.    **STIPULATED FACTS**

The following stipulated facts will be read to the jury by the Plaintiff's attorney.

1.      Plaintiff, Reginald Pittman ("Mr. Pittman"), was booked into the Madison County Jail ("the Jail") on August 16, 2007.

2.      After being detained at the Jail for more than four months, on December 19, 2007 Mr. Pittman attempted suicide by hanging himself with a bed sheet in his jail cell.

3.      Defendants Sergeant Randy Eaton and Officer Matt Werner were employees of the Madison County Jail during Plaintiff's detention at the Jail.

4.      When a detainee is booked into the Jail, an assessment is completed regarding the detainee's mental health status.

5.      Pursuant to Illinois County Jail Standards, the Jail is required to have policies and procedures to address the risk of detainee suicide. Illinois County Jail Standards also require each jail officer to receive annual training by mental health professionals on suicide prevention.

6.      The Jail contracts with Chestnut Health Systems to provide mental health services to detainees. Chestnut Health Systems is also referred to as CRISIS.

7.      On December 19, 2007, at approximately 9:34 p.m., Lt. Renee Stephenson and Officer Hartsoe observed Mr. Pittman hanging from his cell. It was apparent that Mr. Pittman was attempting suicide.

8.      As a result of his suicide attempt, Mr. Pittman suffered ischemic anoxic injury to his brain rendering him severely brain damaged and legally disabled.

9.      The Plaintiff's attorney will read the stipulation to the jury.

## IV.   ISSUES

1.      Issues of law for the Court to decide.

The Court will determine evidentiary issues, such as whether Plaintiff's Exhibit 10 C should be read to the jury and whether under the evidence in this case, the Plaintiff may submit a state claim to the jury on the issue of the failure of the jail custodial staff to respond to a perceived statement of risk suicide communicated by witness Banovz to certain jail officers.

**With regard to Exhibit 10C:  The Court finds that subject to any testimony that would open the door to impeachment any evidence of previous suicide attempts knowledge of them, including Mr. Eaton's, is inadmissible and immaterial.**

2.      Issues for the Jury to decide:

Whether the conduct of the jail custodial staff, including Defendants Eaton and Werner, was deliberately indifferent and/or willful and wanton.

## V.    WITNESSES

Plaintiff reserves the right to call the following witnesses:

**A.     Expert witnesses**

By reading trial testimony:

1.      Richard T. Katz

2.      Jan R. Klosterman

3.      Dr. David Kan

4.      Karen Tabak

Appearing live:

1.      Jeffery Eiser

Treating Health Care Providers, including (all presented by deposition or trial testimony), including;

1 .  Dr. Colin Butterfield, 2 Saint Anthony's Way #205 Alton, IL 62002

2.      Laura Vinyard,1 Memorial Dr. Alton, IL 620021035 Oakwood Avenue, Alton, IL 62202

**B.      Fact witnesses**

The Plaintiff reserves the right to call:

1.      Robin Hamilton 1035 Oakwood Avenue, Alton, IL 62202

2.      Jim Mulvaney, V.P. Trust Officer and Market Manager First Financial Bank, N.A., Danville, Illinois, 61832.

        **\*This witness's testimony is barred as irrelevant and immaterial**.

3.      Linda Dunham, 915 Prairie Street Shipman, IL 62685

4.      Bradley Banovz, 1217 El Kay Ct. Apt. 23 Highland, IL 62249

5.      Dr. Robert Blankenship 2044 Madison, Granite City, IL 62040

6.      Joseph Gulash 1052 Catalina Edwardsville, IL 62025

7.      Melissa Todd 1819 Seminole Godfrey, IL 62035

8.      Kathleen Suda, 2848 Elk Peak Ct., St. Louis, MO 63119

9.      Sgt. Joshua Presson, c/o Madison County Sheriff's Department Edwardsville, IL 62025

10.     Lt. Renee Stephenson 4614 Highway 159 South Glen Carbon, IL 62034

11.     Special Agents (State Police BS Clay and/or State Policeman Jacobs, Illinois State Police District 11, Collinsville, IL 62234

12.     Barbara Unfried, c/o Madison County Jail

13.     Jeffrey Hartsoe, 8295 Southwestern Boulevard, Apt, 211, Dallas, Texas

C.     **Additional witnesses (records custodians)**

     1.     Brad Besson, Office of Jail & Detention Standards, Second Floor Gymnasium, 1301 Concordia Court, PO Box 19277, Springfield IL, 62794-9277

     2.     Records Custodian, Cahokia Nursing & Rehabilitations Center, 24 Annable Court Cahokia, IL 62206

     3.     Custodian of Records, Alton Community Unit School District, 4200 Humbert Road Alton, IL 62002

     4.     Custodian of Records Alton Memorial Hospital, 1 Memorial Dr. Alton, IL 62002

     5.     Custodian of Records Barnes Hospital, # 1 Barnes-Jewish Hospital Pl., St. Louis, MO 63110

     6.     The Plaintiff reserves the right to call any and all Defendants, any and all persons employed by any of the Defendants, and any person whose deposition has been previously taken in the case, including the reading or display of any portion of any such depositions.

     7.     The Plaintiff reserves the right to call as a witness or to use, including the display or reading, any portion of the deposition of defendants' expert witnesses, including Michael Lane or Terry Fillman, referenced herein below, as evidence.

Defendants intend to call the following witnesses:

A.     **Expert witnesses**

     1.     Terry Fillman, RN, MBA, CCHP, 15 Valencia Lane, Redlands, CA 92374

B.     **Fact witnesses**

     1.     Officer Matt Werner, c/o Madison County Sheriff's Department

     2.     Sgt. Randy Eaton, c/o Madison County Sheriff's Department

By reading trial testimony:

     1.     Officer Jeffrey Hartsoe, c/o Madison County Sheriff's Department

     2.     Sgt. Maynard Hill, c/o Madison County Sheriff's Department

     3.     Dr. Robert Blankenship, c/o Madison County Jail

     4.     Nurse Barbara Unfried, c/o Madison County Jail

5.     Tracy Karvinen, Chestnut Health Systems, 50 Northgate Industrial Drive, Granite City, IL 62040

## VI.   EXHIBITS

The parties intend to use the Exhibits identified on the Exhibit List.

## VII.   DAMAGES

The Plaintiff will be seeking compensatory damages for the reasonable value of medical care and supplies; the present value of the care and supplies that he is reasonably certain to need in the future, the physical and mental/emotional, pain, suffering and disability that he has sustained.

**Medical Bills**--See attached medical bill summary marked as Exhibit 11. To the understanding of the Plaintiff, the Defendant has no objection to Exhibit 1 stipulates to the admissibility of Exhibit 11. The amount of these bills is Four Hundred Ninety-Six Thousand Two Hundred Forty-Three and 00/100 Dollars ($496,243.06). (See Exhibit 1).

**Future Value of Care and Supplies**--See attached appendix A to the report of Jan Klosterman life care planner, Exhibit 6 who has budgeted the value of care and services for the Plaintiff, which contains the diagnoses and care plan estimates for home and nursing home reflecting future damages of up to Ten Million Seventy-Nine Thousand, Nine Hundred Twenty-Eight Dollars and Eighty-Seven Cents ($10,079,928.87) for Home Care Treatment over the anticipated life expectancy of 23 additional years for Reginald Pittman.

**Physical and Mental/Emotional Pain Suffering and Disability**

The Plaintiff sustained a severe hypoxic/anoxic brain injury; hypoxic/anoxic encephalopathy, quadriparesis; spasticity; dysphasia, bowel and bladder incontinence; tracheostomy tube placement; gastrostomy tube placement.

The complete list of complications from these conditions are too great to list as the parties have obtained over seven thousand pages of medical records to date and, presumably, many more such records exist. He has had and remains at risk for tracheostomy; pneumonia, sepsis, infected oral cavity, cysts, keloids, including keloids on his face and ears, decubitus ulcers, decubitus ulcer treatment and surgeries, contractures of the skin and long tendons in the legs and arms, contracture releases, tenotomies of the extremities, seizures, treatment of seizures, and other disorders of the brain and nervous system, infection of the tracheostomy site, infection in and around G-tube and peg tube sites. He is at risk for liver disease and dental complications. He must be cleaned of bowel and bladder waste. He suffers from gastrointestinal disorder.

He has a level of awareness and may follow commands, but he cannot speak, move or otherwise express himself

Plaintiff Reginald Pittman must be turned, bathed, tube fed, and regularly cleaned after bowel and bladder incontinence on an around the clock basis. The treatment, testing and therapy requirements are set out in Exhibit 2.

The Plaintiff will be seeking the following damages for physical and mental/emotional pain, suffering and disability.

## VIII.   BIFURCATED TRIAL

Madison County is required to indemnify the Defendants Eaton and Werner in the event of judgment against either of them and is retained in the case to have a further judgment of indemnity should there be a plaintiff's verdict against either of these defendants.

## IX.   TRIAL BRIEFS

None anticipated.

**X.      LIMITATIONS, RESERVATIONS AND OTHER MATTERS**

**A.      Trial Date.** Trial is set for October 15, 2018

**B.      Length of Trial**. The probable length of trial is 5 days. The case will be listed on the trial

calendar to be tried when reached.

          **Mark Appropriate Box:** JURY  _X_    NON-JURY___

**C.      Number of Jurors.** There shall be a minimum of 6 jurors.

          **IT IS ORDERED** that the Final Pretrial Order may be modified at the trial of the action,

or prior thereto, to prevent manifest injustice or for good cause shown. Such modification may be

made either on motion of counsel or *sua sponte* by the Court.

          **DATED: October 11, 2018**

                              **s/ Staci M. Yandle**
                              **STACI M. YANDLE, DISTRICT JUDGE**
                              **UNITED STATES DISTRICT COURT**

**APPROVED AS TO FORM AND SUBSTANCE:**

/s/ Ross T. Anderson
ATTORNEY FOR PLAINTIFF

/s/ John L. Gilbert
ATTORNEY FOR DEFENDANTS

**IT IS SO ORDERED.**