IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REGINALD PITTMAN, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 08-CV-890-SMY-DGW |
| COUNTY OF MADISON, et al., | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge**

Pending before the Court is Plaintiff's Motion for New Trial (Doc. 287). For the following reasons, the Motion is **DENIED**.

## Background

Plaintiff Reginald Pittman was booked into the Madison County Jail on August 16, 2007. Defendants Sergeant Randy Eaton and Officer Matt Werner were employees of the Madison County Jail during Pittman's detention. On December 19, 2007, after being detained for more than four months, Pittman attempted suicide by hanging himself with a bed sheet in his jail cell. As a result of his suicide attempt, Pittman suffered ischemic anoxic injury to his brain rendering him severely brain damaged and legally disabled.

In October 2018, a 5-day trial was held to determine whether the conduct of Defendants Eaton and/or Werner was deliberately indifferent under federal law or willful or wanton under Illinois law. The jury found for Defendants and against Plaintiff. Plaintiff now seeks a new trial asserting: 1) erroneous jury instructions; 2) erroneous evidentiary rulings; and 3) that the conduct

of Pittman's Guardian prejudiced the Plaintiff.

## Discussion

### *Jury Instructions*

When a motion for a new trial is based on a challenge to jury instructions, the trial court's jury instructions are analyzed as a whole to determine if they accurately stated the law and did not confuse the jury. *Knox v. Indiana,* 93 f.3d 1327. 1332 (7th Cir. 1996). If the jury instructions contain incorrect or confusing legal statements, the Court must determine whether a party was prejudiced by the instructions. *United Airlines, Inc. v. United States,* 111 F.3d 551, 555 (7th Cir.1997). The submission of inadequate jury instructions requires reversal only if it appears that the jury's comprehension of the issues was so misguided that one of the parties was prejudiced. *Soller v. Moore,* 84 F.3d 964, 969 (7th Cir.1996).

Pursuant to *F.R.C.P.* 51, a party wishing to contest a jury instruction must distinctly state "the matter objected to and the grounds for the objection." Fed.R.Civ.P. 51(c)(1). "The objection must be specific enough that the nature of the error is brought into focus.... There are no formal requirements, but pragmatically speaking the district court must be made aware of the error prior to instructing the jury, so that the judge can fix the problem before the case goes to the jury." *Schobert v. Ill. Dep't of Transp.,* 304 F.3d 725, 729–30 (7th Cir.2002) (citation omitted). Moreover, "…the party must state the same grounds when objecting to the jury instruction as it does in its motion for a new trial or on appeal." *Id.* at 730.

Notwithstanding Defendants' argument to the contrary, Plaintiff preserved his objection to the issues instruction given by the Court. While it is arguable that Plaintiff's Counsel initially consented to the instruction (Doc. 295, Tr. Tran. Day 4, 357:1-12), he did make a record of his position that the instruction was inconsistent with *Miranda v. County of Lake*, 900 F.3d 335 (7th

Cir. 2018) and therefore erroneous, prior to the Court instruction the jury (Doc. 296, Tr. Tran. Day 5, 370:13-371:21). That said, Plaintiff's contention that the jury instruction given required a finding of subjective intent which was rejected by the Seventh Circuit in *Miranda* is simply incorrect.

Because Pittman was a pretrial detainee, Plaintiff's claim arises under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment's Cruel and Unusual Punishment Clause. *See*, *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 192 L.Ed.2d 416 (2015); *Miranda v. County of Lake*, 900 F.3d 335, 350-351 (7th Cir. 2018). Under *Kingsley* and *Miranda*, in order to prove a failure to protect claim, a plaintiff need only establish that the defendant's conduct was objectively unreasonable – not that the defendant was subjectively aware that it was unreasonable. *Miranda*, 900 F.3d at 352-53. In other words, a plaintiff must show that a defendant "knew, or should have known, that [a] condition posed an excessive risk to health or safety" of the detainee and "failed to act with reasonable care to mitigate the risk." *Id.* This is a more exacting standard than that required to prove negligence, or even gross negligence and is "akin to reckless disregard." *Id.*

The Court submitted the following issues instruction to the jury:

The Constitution requires jail officials to protect detainees from harming themselves under certain circumstances. To succeed on this claim, Plaintiff must prove each of the following four (4) things by a preponderance of the evidence:

1. There was a strong likelihood that Plaintiff would seriously harm himself. A mere possibility of serious harm is not a strong likelihood.

2. Defendant Randy Eaton and/or Defendant Matt Werner were aware of this strong likelihood that Plaintiff would seriously harm himself or strongly suspected facts showing a strong likelihood that Plaintiff would be seriously harmed, but refused to confirm whether these facts were true.

3. Defendant Randy Eaton and/or Defendant Matt Werner consciously failed to take reasonable measures to prevent Plaintiff from harming himself. In

deciding this, you may consider how serious the potential harm to Plaintiff was, how difficult it would have been for Defendant Randy Eaton and/or Defendant Matt Werner to take corrective action and whether these Defendants had legitimate reasons related to safety or security for failing to take action.

4. Plaintiff would have suffered less harm if Defendant Randy Eaton and/or Matt Werner had not disregarded the risk.

(Submitted Jury Instructions - Doc. 280, p. 21). Consistent with *Miranda* then, the jury was correctly and clearly instructed that in order to succeed on his claim, Plaintiff must have shown through the evidence that Eaton and/or Werner were aware of or should have been aware of a strong likelihood that Pittman would harm himself but failed to take reasonable measures to prevent him from doing so. Therefore, Plaintiff is not entitled to a new trial based on erroneous jury instructions.

### *Evidentiary Rulings*

Next, Plaintiff argues the Court's rulings on the Motions *in Limine* barring any witness from offering an opinion as to whether Defendants were deliberately indifferent with respect to Pittman and barring Bradley Banovz's deposition testimony regarding unnamed guards to be read to the jury were improper. Defendants argue that Plaintiff has failed to show that either of the Court's evidentiary rulings were in error on an extraordinary level, that any rulings were improper and had a substantial influence over the jury, or that the result reached was "inconsistent with substantial justice." *Shick v. Ill. Dep't of Human Servs.,* 307 F.3d 605, 611 (7th Cir. 2002).

An erroneous evidentiary ruling warrants a new trial only if it had a "substantial and injurious effect or influence in determining the jury's verdict." *Williams v. Pharmacia Inc.,* 137 F. 3d 944, 951 (7th Cir. 1998). A party seeking a new trial based on erroneous evidentiary rulings bears a "heavy burden." *Alverio v. Sam's Warehouse Club*, 253 F.3d 933, 942 (7th Cir. 2001).

Therefore, even if the trial court's decision was erroneous, "[a] new trial is warranted only if the error had a substantial and injurious effect or influence on the determination of a jury and the result is inconsistent with substantial justice." *Lewis v. City of Chi. Police Dep't*, 590 F.3d 427, 440 (7th Cir. 2009).

Plaintiff contends the Court erred in forbidding any witness from testifying that the defendants were deliberately indifferent given the admissions made by the parties and witnesses. But while Plaintiff objected to Defendants' Motion in Limine during the final pretrial conference, at no time during trial did Plaintiff renew his objection or otherwise challenge the evidentiary ruling. Thus, Plaintiff failed to preserve this issue for appeal. *Jenkins v. Keating*, 147 F.3d 577 (7th Cir. 1998); *United States v. Addo*, 989 F.2d 238 (7th Cir. 1993). Moreover, the Court properly excluded such evidence under Federal Rules of Evidence 701, 702 and 704, which prohibit lay and expert witnesses from offering opinions as to outcome determinative issues within the province of the jury, such as whether a defendant was deliberately indifferent. See, *King v. Kramer*, 763 F.3d 635, 646 (7th Cir. 2014); *Roundy's Inc. v. NLRB*, 674, F.3d 638. 648 (7th Cir. 2011).

Plaintiff also challenges the Court's ruling on the Motion *in Limine* barring Bradley Banovz from testifying about Banovz or Reginald Pittman notifying jail personnel other than the named defendants about threats of suicide. Specifically, Plaintiff argues that since Banovz was found to be unavailable at trial, the transcript of his testimony from the first trial regarding the unnamed defendants should have been read to the jury. Plaintiff further argues that since the testimony given by Banovz in the first trial is consistent with his deposition testimony quoted by the Seventh Circuit on appeal, the testimony should have been allowed in this trial. Finally, Plaintiff asserts that the parties filed a stipulation regarding this testimony, and therefore, it should have been allowed. In response, Defendants point out that the Seventh Circuit reversed and remanded this case solely

based on this Court's exclusion of Banovz's videotaped interview during the first trial – not the related testimony – and rejected Plaintiff's claim of error regarding this testimony.

As an initial matter, the Court notes the parties are discussing two separate Seventh Circuit Opinions. Plaintiff references the Opinion that reversed the Court and remanded this case after summary judgment was granted for the defendants (*Pittman ex rel. Hamilton v. Cty. of Madison, Ill.*, 746 F.3d 766, 781 (7th Cir. 2014)), while Defendants reference the Opinion finding that this Court abused its discretion in excluding the videotaped interview of Bradley Banovz and remanding the case for retrial (*Pittman by Hamilton v. Cty. of Madison, Illinois*, 863 F.3d 734, 737 (7th Cir. 2017). Plaintiff's reliance on the former decision to challenge the Court's evidentiary rulings in the second trial is misplaced.

On appeal following the first trial, Plaintiff addressed entering the transcript of the statement into evidence. The Seventh Circuit succinctly rejected Plaintiff's challenge: "Pittman's brief raises several other issues relating to how the judge conducted the trial. None of these arguments has merit." *Pittman by Hamilton v. Cty. of Madison, Illinois*, 863 F.3d 734, 738 (7th Cir. 2017). During the second trial, this Court again barred Banovz from testifying regarding unnamed guards because the information was irrelevant, immaterial, and prejudicial (Doc 291, FPT. Tran. 13:12-22). Plaintiff has failed to establish that barring this testimony had a substantial and injurious effect or influence in determining the jury's verdict or that the result reached was inconsistent with substantial justice. Accordingly, Plaintiff's request for a new trial on this basis is denied.

### *Robin Hamilton's Conduct During Trial*

Lastly, Plaintiff contends the conduct of Robin Hamilton, Plaintiff's Co-Guardian and Next Friend, during the trial warrants a new trial. Specifically, while the Court was addressing

objections at a side bar and Ms. Hamilton was on the witness stand, she improperly addressed the jury, stating "there is so much more that I want you to know" (Doc 294, Tr. Tran, Day 4 pg.128). Defendants immediately moved for a mistrial arguing that the jury had been infected by this direct contact and attempt to influence them. In response, Plaintiff argued that Ms. Hamilton didn't provide any information to the jury and therefore, Defendants suffered no prejudice. Plaintiff further argued the issue could be handled with a curative instruction. The Court denied Defendants' motion for a mistrial, gave a curative instruction to the jury, removed Ms. Hamilton from the courtroom and struck her testimony, and gave the jury a curative instruction. Plaintiff now argues he was prejudiced as Ms. Hamilton's testimony was necessary to present damages to the jury regarding Pittman's care needs.

Additionally, when a juror survey was returned, in response to the question "Do you feel that your privacy or personal safety was compromised during the jury selection process?" a juror wrote "Somewhat. mother (witness) tried speaking to me and was removed but she was sitting outside the doors and her daughter tried to get in the elevator with me. Made me uncomfortable" (Doc. 286-1 pg. 2). Plaintiff argues that Hamilton's conduct towards this juror combined with the outburst during trial prevented Plaintiff from receiving a fair trial.

As to this issue, Defendants argue Plaintiff's failure to timely move for a mistrial preclude relief under Rule 59. The Court agrees. While Ms. Hamilton's conduct was highly inappropriate, the Court specifically inquired of Plaintiff's Counsel whether he desired a mistrial. Counsel not only objected to a mistrial, he specifically requested that a curative instruction be given instead. "When error is invited, not even plain error permits reversal." *Naeem v. McKesson Drug Co.*, 444 F.3d 593, 609 (7th Cir.2006) In other words, a party cannot complain of errors that it committed, invited, induced the court to make, or to which it consented. *Weise v. United States*, 724 F.2d 587,

590 (7th Cir. 1984).

## Conclusion

For the foregoing reasons, Plaintiff's Motion for New Trial (Doc. 287) is **DENIED** in its entirety.

**IT IS SO ORDERED.**

**DATED:  September 12, 2019**

**STACI M. YANDLE**
**United States District Judge**