**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**REGINALD PITTMAN,** ***By and through his Guardian and Next Friend, Robin M. Hamilton,***

**Plaintiff,**

**vs.**

**COUNTY OF MADISON, ROBERT HERTZ, RANDY EATON, and MATT WERNER,**

**Defendants.**

**Case No. 3:08-cv-890-DWD**

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Before the Court are the parties' motions *in limine,* specifically, Plaintiff's Motion to Exclude Criminal History Record (regarding witness Huntley) (Doc. 324); Plaintiff's Motion to Allow Testimony on Ultimate Issue (Doc. 325) and Defendants' Objection thereto (Doc. 327); Plaintiff's Motion to Exclude Any Criminal History Record (regarding witness Hamilton) (Doc. 330); Plaintiff's Motion *in Limine* regarding altercations of Reginal Pittman (Doc. 331); Plaintiff's Motion *in Limine* regarding Plaintiff's criminal record (Doc. 332); Plaintiff's Motion *in Limine* regarding specific acts of violence (Doc. 333); Defendants' Motion *in Limine* relative to Plaintiff's experts giving opinions as to whether the conduct of Defendants Eaton and Werner was objectively unreasonable (Doc. 328); and Defendants' Motion to Exclude Testimony of James Mulvaney (Doc. 329).

As a preliminary matter the parties are **DIRECTED** that they should not reference

in the presence of the jurors the previous trials, the verdicts reached in those trials or the decisions of the Seventh Circuit Court of Appeals in this case. Counsel is also **DIRECTED** to advise their respective clients and witnesses of the contents of this order.

## I. Plaintiff's motions *in limine* regarding criminal history of April Hamilton Huntley and Robin Hamilton (Doc. 324 and Doc. 330)

Plaintiff seeks to exclude from trial evidence of any portion of April Hamilton Huntley's and Robin Hamilton's criminal record that is more than 10 years old. Under Fed. R. Evid. 609(b), such evidence is only admissible if its probative value substantially outweighs its prejudicial effect and if the proponent gives opposing counsel reasonable notice of its intent to use such evidence. Counsel for Plaintiff represents that counsel for Defendants has not provided notice of intent to use such evidence and the record is devoid of any such notice. Since no notice has been given, further analysis of the admissibility of such records is unnecessary and Plaintiff's motions (Doc. 324 and Doc. 330) are **GRANTED**. Accordingly, the Defendants are barred from introducing evidence or commenting in the presence of the members of the jury on the criminal history or record of either April Hamilton Huntley or Robin Hamilton.

## II. Plaintiff's motion *in limine* regarding testimony on ultimate issue (Doc. 325) Defendants' motion *in limine* regarding testimony on ultimate issue and testimony regarding notification of other jail officers (Doc. 328)

Plaintiff seeks an order permitting expert witnesses to testify as to the ultimate issue in the case. Defendants, in their motion, seek to exclude from evidence any opinions

as to whether the conduct of Defendants Eaton and Werner was objectively unreasonable. Under Fed. R. Evid. 704(a), an opinion is not objectionable merely because it embraces an ultimate issue. Defendants argue that the Court of Appeals for the Seventh Circuit upheld Judge Yandle's decision to grant Defendants' motion *in limine* to bar witnesses from testifying about the defendants' alleged "deliberate indifference" in the most recent trial in this case. (Doc. 327 at 1 (citing *Pittman v. Cnty. of Madison, Illinois*, 970 F.3d 823, 830 (7th Cir. 2020))). However, the Court of Appeals expressly held that the testimony was excludable not because it went to the ultimate issue (citing Fed. R. Evid. 704(a)) but because "deliberate indifference" was not the correct legal standard. Any testimony about "deliberate indifference" would therefore only confuse the jury, running afoul of Fed. R. Evid. 403, Fed. R. Evid. 701, and Fed. R. Evid. 702. The Court of Appeals held that Judge Yandle's ruling that witnesses could not offer ultimate-issue opinions was wrong under Fed. R. Evid. 704(a). Therefore, the Court will abide by the Court of Appeals' express ruling on this issue and will not exclude otherwise admissible opinions simply because they embrace the ultimate issues in the case. Therefore, Defendants' motion *in limine* regarding testimony on the ultimate issue (Doc. 328) is **DENIED**.

Defendants also argue that because none of the opinion witnesses testified to objective reasonableness and were not asked in their depositions about objective reasonableness, such testimony should be excluded at trial. (Doc. 327 at 2). Peculiar to this matter, the Court has been informed that the testimony of experts will be presented by deposition instead of by live witness testimony. So, the lack of opinion testimony directed at objective reasonableness goes deeper than any failure to disclose existing

opinions; here, those opinions do not exist in the current state of the testimony that Plaintiff plans to present to the jury. Because it is presently unclear to the Court where this opinion testimony is to come from, Plaintiff's Motion to Allow Testimony on Ultimate Issue (Doc. 325) is **DENIED without prejudice**. Further, Plaintiff is **DIRECTED** to bring to the attention of Counsel and the Court his intention to offer opinion testimony (whether lay or expert) regarding objective reasonableness prior to offering such testimony during trial.

Defendants also seek an order prohibiting witness Bradly Banovz from testifying about him or Pittman notifying jail officers other than Eaton and Werner about requests for crisis intervention or threats of suicide. (Doc. 328 at 1-2). Plaintiff did not respond to this aspect of the Defendants' motion. Judge Yandle did not permit Banovz's testimony in this respect. (Doc. 271 at 3). The Court of Appeals affirmed Judge Yandle's evidentiary ruling. *Pittman v. Cnty. of Madison, Illinois*, 863 F.3d 734, 738 (7th Cir. 2017). And again, in *Pittman II*. *Pittman*, 970 F.3d at 830. But apart from those determinations, as well as questions of relevancy, Fed. R. Evid. 403, with its distinctive guard against the introduction of unhelpful, confusing, prejudicial or misleading evidence, requires that Banovz's testimony that he or Pittman notified jail officers other than Eaton and Werner be barred. Therefore, Defendants' motion *in limine* as to Banovz's testimony (Doc. 328) is **GRANTED**. Accordingly, Banovz may not testify that he or Pittman notified jail officers other than Eaton and Werner about requests for crisis intervention of threats of suicide.

## III. Defendants' motion *in limine* regarding testimony of James Mulvaney (Doc. 329)

Defendants seek to exclude the testimony of witness James Mulvaney. Mulvaney is a co-guardian of Plaintiff's estate on behalf of First Financial Bank. During his deposition, Mulvaney testified only about what he believes will happen with any money awarded to Plaintiff in this case. Defendants argue that such testimony is completely irrelevant and a waste of time. Plaintiff did not respond and offers nothing to suggest that such testimony is relevant. Judge Yandle excluded the testimony of this witness on these grounds in the prior two trials. (Docs. 177 & 272 at 4). The Court of Appeals affirmed this ruling. *Pittman*, 863 F.3d at 738. Defendants' motion *in limine* (Doc. 329) is **GRANTED**.

## IV. Plaintiff's motion *in limine* regarding throwing of human waste by Pittman (Doc. 331)

Plaintiff seeks to exclude from trial evidence of Plaintiff having thrown feces and urine during his time at the Madison County Jail. Plaintiff argues that the prejudicial effect of such evidence outweighs any probative value it may have and should therefore be excluded under Fed. R. Evid. 403. Defendants did not respond. Such evidence would have little, if any, probative value as to the issues that will come before the jury. To the extent that there is some relevance to such evidence, it would be highly prejudicial to the Plaintiff. Accordingly, Plaintiff's motion *in limine* (Doc. 331) is **GRANTED**.

## V. Plaintiff's motion *in limine* regarding criminal history of Plaintiff (Doc. 332).

Plaintiff seeks to exclude from trial evidence of his own criminal history, including the charges for which he was being held at the time of the incident causing his injuries. Plaintiff argues that he will not be a witness in this case, that there has been no conviction on the charges existing at the time, and that all lost wage claims have been withdrawn. Therefore, evidence of his criminal record has no relevance and would only be prejudicial. Plaintiff does wish to inform the jury that he had not been convicted and was a pre-trial detainee at the time of the incident. Defendants have not responded. Judge Yandle in the prior trials of this case granted this motion without objection. (Docs. 160 & 271). The Court finds that evidence of Pittman's criminal record is of little, if any, relevance to the issues to be presented to the jury and would be highly prejudicial to Plaintiff. Accordingly, Plaintiff's Motion *in limine* regarding his criminal history and prior bad acts (Doc. 332) is **GRANTED.**

## VI. Plaintiff's motion *in limine* regarding specific acts of violence (Doc. 333)

Plaintiff seeks to exclude from trial the testimony of Maynard Hill and any testimony concerning specific acts of violence performed by Plaintiff. He argues that any testimony about violence acts would serve only to prejudice the jury against him. He also requests that any violent incidents incorporated into the testimony of any physician, nurse, or expert be referred to as "impulsive acts" or "conduct issues." Plaintiff's motion is less than clear and offers no basis for exclusion of evidence other than bare assertions of prejudice. Accordingly, the Court will take this motion under advisement pending argument by Counsel prior to the commencement of trial.

**SO ORDERED.**

Dated: August 5, 2022

/s *David W. Dugan*

DAVID W. DUGAN
United States District Judge