IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REGINALD PITTMAN, by *and through* his Guardian and Next Friend, Robin M. Hamilton, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 08-cv-890-DWD ) |
| COUNTY OF MADISON, ROBERT HERTZ, RANDY EATON, and MATT WERNER, | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Now before the Court is Plaintiff's Motion for New Trial (Doc. 361) and Motion to Amend/Correct the Record (Doc. 363). Defendants filed a response to both Motions (Docs. 370, 371), and Plaintiff filed a reply (Doc. 372). For the reasons detailed below, the Motions will be denied.

## Background

In December 2007, Plaintiff Reginald Pittman was a pretrial detainee at the Madison County Jail. Plaintiff attempted suicide. Although the attempt failed, Plaintiff sustained severe brain damage. Through his guardian, Robin Hamilton, Plaintiff filed this 42 U.S.C. § 1983 suit against Madison County, Illinois and then-employees, Sheriff Robert Hertz, Sergeant Randy Eaton, and Deputy Matthew Werner, alleging that Eaton and Werner violated the Fourteenth Amendment by failing to provide Plaintiff with

adequate medical care.

This matter has a lengthy procedural history, involving multiple appeals and three jury trials. The details of these prior events are more fully contained in the Court record and the three opinions from the Seventh Circuit Court of Appeals (*See* Docs. 115, 248, 310). As is relevant to these Motions, in August 2022, a third trial was held to determine whether the conduct of Defendants Eaton and/or Werner was deliberately indifferent under federal law or willful or wanton under Illinois law. Following a 5-day trial, the jury found for Defendants and against Plaintiff.

Plaintiff now seeks a new trial pursuant to Fed. R. Civ. P. 59(a). Plaintiff alleges prejudicial error caused by the Court's giving of Defendant's Proposed Jury Instruction 19 with the Court's modifications (Doc. 351-1, p. 21). This instruction concerned the objectively reasonable standard under the Fourteenth Amendment.

### Legal Standard

The decision to grant a new trial is committed to the Court's discretion. *Johnson v. Gen. Bd. of Pension & Health Benefits of United Methodist Church*, 733 F.3d 722, 730 (7th Cir. 2013). In deciding whether to grant a new trial, the Court considers "if the jury's verdict is against the manifest weight of the evidence or if the trial was in some way unfair to the moving party." *Venson v. Altamirano*, 749 F.3d 641, 656 (7th Cir. 2014). When a motion for a new trial is based on a challenge to jury instructions, the trial court's jury instructions are analyzed in their entirety, "to determine if, as a whole, they were sufficient to inform the jury correctly of the applicable law." *Knox v. State of Ind.*, 93 F.3d 1327, 1332 (7th Cir. 1996). If the jury instructions contain incorrect or confusing legal statements, the Court

must determine whether a party was prejudiced by the instructions. *United Airlines, Inc. v. United States*, 111 F.3d 551, 555 (7th Cir. 1997). "The submission of inadequate jury instructions requires reversal only if 'it appears that the jury's comprehension of the issues was so misguided that one of the parties was prejudiced.'" *Soller v. Moore*, 84 F.3d 964, 969 (7th Cir. 1996).

## Discussion

Plaintiff alleges prejudicial error caused by the Court's giving of the following jury instruction:

> The United States Constitution requires jail officials to protect detainees from harming themselves under certain circumstances. To succeed on this claim, Plaintiff must prove each of the following four (4) things by a preponderance of the evidence:
>
> 1. There was a strong likelihood that Plaintiff would seriously harm himself;
>
> 2. Defendant Randy Eaton and/or Defendant Matt Werner were aware of this strong likelihood that Plaintiff would seriously harm himself or strongly suspected facts showing a strong likelihood that Plaintiff would be seriously harmed;
>
> 3. Defendant Randy Eaton and/or Defendant Matt Werner failed to take objectively reasonable measures to prevent Plaintiff from harming himself; and
>
> 4. As a result of the conduct of Defendant Randy Eaton and/or Defendant Matt Werner, Plaintiff was harmed.
>
> If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.
>
> If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

(Doc. 352-1, p. 21).

Plaintiff argues that this instruction was erroneous in light of *Kingsley v. Hendrickson*, 576 U.S. 389 (2015) and *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018), requiring pretrial detainee claims brought under the Fourteenth Amendment to be evaluated under an objectively reasonable test rather than the subjective deliberate indifference standard employed for Eighth Amendment claims.  Plaintiff thus renews his argument that his proposed instruction No. 9 should have been given in its place. Plaintiff's proposed instruction is attached as Exhibit A to Plaintiff's Motion for New Trial (Doc. 361-1) and the Court's Jury Instructions at Doc. 352-4, p. 3.  This refused instruction provides:

> The plaintiff has the burden of proving that the acts or failure to act of one or more of the defendants deprived the plaintiff of particular rights under the United States Constitution.  In this case, the plaintiff alleges the defendant deprived him of his rights under the Fourteenth Amendment to the Constitution by failing to refer him to a Crisis counselor, or by failing to properly record his Crisis request under jail procedures or by failing to house him in a safe environment pending a Crisis evaluation. Under the Fourteenth Amendment. a pretrial detainee has the right to be protected while in custody.  To succeed on this claim, Plaintiff must prove each of the following four things by a preponderance of the evidence:
>
> 1. Defendant made an intentional decision with respect to the conditions under which Plaintiff was confined.
>
> 2. Those conditions put the Plaintiff at a substantial risk of suffering serious physical harm.
>
> 3. Defendant failed to take reasonable measures to prevent Plaintiff seriously harming himself, even though a reasonable officer would have appreciated the high degree of risk involved--making the consequences of the defendant's decision obvious, and

> 4. By not taking such measures, the defendant caused the plaintiff's injuries.
>
> With respect to the third element, the defendant's conduct must be objectively unreasonable.

(Doc. 361-1, Doc. 352-4, p. 3).

Before addressing the merits of Plaintiff's arguments, the Court will first dispose of Plaintiff's Motion to Supplement the Court Record (Doc. 362). Plaintiff seeks to supplement the Court Record to include a copy of Plaintiff's refused Proposed Jury Instruction No. 9 (Doc. 361-1) believing that a verbatim copy of this instruction was not included in the court record. However, upon review of the Court's Jury Instructions (Doc. 352), a verbatim copy of Plaintiff's Proposed Jury Instruction No. 9 exists at Doc. 352-4, p. 3. Accordingly, as this instruction is already contained in the Court record, Plaintiff's Motion to Clarify the Record (Doc. 363) is **DENIED**.

Turning to the substance of Plaintiff's arguments, Plaintiff avers that the Court's instruction failed to "limit[] the first prong higher standard of liability, i.e., intentionally or recklessness, to the physical act performed by the defendants", specifically Defendants alleged promise to refer Plaintiff to crisis and failure to follow through with that promise (Doc. 362, p. 7). Plaintiff maintains that the appropriate causation requirement for this case only required Plaintiff to "prove that the acts performed by the defendant carry a substantial risk of serious physical harm." (*Id.*). Thus, Plaintiff argues that including the language, "[t]here was a strong likelihood that Plaintiff would seriously harm himself" erroneously required Plaintiff to prove that Plaintiff was going to attempt suicide (*Id.*).

5

Plaintiff thus concludes that the instruction erroneously required the jury to find that Defendants "made an intentional or reckless act concerning the conditions under which the Plaintiff was confided, [and] also that the defendants acted with the knowledge or strong suspicion that plaintiff would make a suicide attempt (self-harm)." (*Id.*). Plaintiff avers that by setting out these requirements, the instruction "combines a heightened causation requirement … with an expression of subjective intent that requires that plaintiff prove that defendants knew or strongly suspected they were, through their actions, causing a strong likelihood of a suicide attempt" or that defendants "directly and knowingly caused[ed] the plaintiff's suicide attempt" (*Id.* at pp. 7-8).

The Court disagrees. The alleged erroneous language, that "[t]here was a strong likelihood that plaintiff would seriously harm himself" and Defendants "were aware of this strong likelihood that Plaintiff would seriously harm himself or strongly suspected facts showing a strong likelihood that Plaintiff would be seriously harmed" correctly outlined the first prong of *Miranda*'s objectively reasonable test, namely that the jury "must decide whether the 'defendants acted purposefully, knowingly, or perhaps even recklessly.'" *Pittman by & through Hamilton v. Cnty. of Madison, Illinois*, 970 F.3d 823, 827 (7th Cir. 2020). Indeed, in Plaintiff's most recent appeal, this language was specifically discussed by the Seventh Circuit Court of Appeals. As set forth in the Seventh Circuit's opinion, the language in the prior instruction, and as also adopted by this Court, instructed the jury to decided "whether the defendants 'were aware of … or strongly suspected facts showing' a strong likelihood that Pittman would harm himself" goes to *Miranda*'s first inquiry, and correctly encompassed all states of mind except for

6

negligence and gross negligence consistent with *Miranda*. *Pittman by and through Hamilton*, 970 F.3d at 828. Thus, the Seventh Circuit found that this language accurately conveyed *Miranda*'s first standard to the jury. Just as at trial, the Court finds no reason to depart from the Seventh Circuit's analysis concerning this language, and finds that the Court's instruction correctly instructed the jury on the Seventh Circuit's "objectively reasonable" test.

For these reasons, Plaintiff's Motion for New Trial and to Vacate Amended Judgment (Doc. 361) is **DENIED**.

**SO ORDERED.**

Dated: June 1, 2023

_____
DAVID W. DUGAN
United States District Judge